## LOUD *v.* STONE.

*(Circuit Court, D. Massachusetts.   May 3, 1882.)*

PATENTS FOR INVENTIONS—PUMPS FOR VESSELS.

    Considering the state of the art, the patentee of a pump should not be limited to a diaphragm chamber placed at the side of the uptake.   A pump otherwise similar, but varying only in having the diaphragm over the uptake, is an infringement.

In Equity.

*James E. Maynadier* and *Fredk. Dodge,* for complainant.

*T. L. Wakefield,* for defendant.

LOWELL, C. J.   The plaintiff is the owner of the patent No. 188,-879, granted to one Eells and himself, for an improvement in ships' pumps, in March, 1877.   The patentees describe their invention to consist—

" In the arrangement of a diaphragm chamber, placed at the side of the uptake, and of valves in the upper part of the uptake, which, acting in connection with said diaphragm chamber, constitute a pump which has a straight uptake, having no obstruction in it except two puppet valves, which are placed at the extreme upper end, and are so accessible as to be removed at any time by the hand alone, thus leaving the uptake free to be cleansed, or used as a sounding well."

They show by description and drawings the mode of constructing this pump.   The single claim is:

" The combination of the diaphragm pump, D, C, D', A, with the valve chamber, H, in the uptake; said chamber being provided with valves, K, K', all operating together, substantially as described."

The plaintiff's pump is proved to be a valuable one for ships, and to contain a new combination of puppet or poppet valves, easily adjusted and removed by hand, with the diaphragm pump.   The important and difficult question is whether the invention is infringed by a pump in which the diaphragm is placed over the uptake instead

of at one side. The plaintiff placed his diaphragm at one side, in order to obtain free access to his straight uptake and his puppet valves, for convenient cleansing and sounding. The defendant's pump, invented by Mr. Edson, has, so far as I can judge, several improvements of construction over the Loud pump; and the described advantages of the Loud pump are obtained in a somewhat different way. There is a straight uptake, with large accessible puppet valves, removable by hand; but the diaphragm is placed over the uptake, and is made in an annular form, so that access to the uptake is through the open top of the diaphragm.

Considering the state of the art, I do not think the plaintiff should be limited to a diaphragm situated at one side of his uptake. The essence of his improvement was that the chamber and valves should be so arranged in a diaphragm pump that they could be reached and the valves be removed by hand, for the purposes specified, and this improvement the defendant has retained, whatever else he may have added.

Decree for the complainant.